UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LATINA HOPE,                                           CASE NO.:

    Plaintiff,

v.

VISTA HOTEL II, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, LATINA HOPE ("Plaintiff" or "Ms. Hope"), by and through undersigned counsel, files this Complaint against Defendant, VISTA HOTEL II, INC. ("Defendant" or "VH2"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Ms. Hope was an employee who performed services on behalf of Defendant in St. Johns County, Florida.

3. VH2 is a Florida profit corporation located in St. Augustine, Florida, and which, at all times relevant, performed work in St. Johns County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"),

to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in St. Johns County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of St. Johns County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a Best Western Hotel in St. Johns County, Florida, providing lodging and other services on behalf of tourists and other guests.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as household goods, cleaning supplies, beverages, etc., but which had come to rest within its hotel location in St. Johns County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Housekeepers like Plaintiff.

## FACTUAL ALLEGATIONS

17. Ms. Hope worked for Defendant under the titles of Housekeeper and, eventually, Executive Housekeeper, from October of 2016 until her termination on December 9, 2019.

18. VH2 designated Ms. Hope an Executive Housekeeper in September of 2018, and she remained in this role until her aforementioned termination.

19. As Executive Housekeeper, Ms. Hope was paid a salary and was not paid any overtime no matter how many hours in excess of forty (40) she worked in a given week.

20. Ms. Hope always worked in St. Johns County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

21. Ms. Hope had limited authority to hire or fire employees of VH2.

22. Ms. Hope had no authority to discipline employees of VH2.

23. Ms. Hope had limited authority to set rates of pay for other employees or agents of VH2.

24. Ms. Hope had no input into performance reviews of other employees or agents of VH2.

25. All of Ms. Hope's major decisions had to be cleared in advance by one of VH2's supervisors.

26. Ms. Hope was closely monitored by VH2's managers and supervisors at all times.

27. Ms. Hope followed procedures established by VH2 and did exactly as he was instructed to do.

28. Ms. Hope's primary duties were to perform housekeeping services on behalf of Defendant's customers.

29. The primary value that VH2 placed on Ms. Hope was her housekeeping duties; her "managerial" duties were limited, and of secondary value to VH2.

30. Throughout Plaintiff's employment, including during her period as Executive Housekeeper, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

31. Defendant paid Plaintiff a salary of $34,000.00 per year upon her designation as Executive Housekeeper.

32. Plaintiff regularly worked fifty (50) or more hours per week for Defendant during her period as Executive Housekeeper.

33. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her period as Executive Housekeeper.

34. When Plaintiff worked more than forty (40) hours in a given work week during her period as Executive Housekeeper, Defendant failed to properly pay her for all overtime hours worked.

35. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that she worked during her period as Executive Housekeeper.

36. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

37. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

39. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

41. Based on the allegations in Paragraphs 38-40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

43. Plaintiff reincorporates and re-alleges paragraphs 1 through 42 of the Complaint as though set forth fully herein, and further alleges as follows:

44. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

45. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

46. Plaintiff was not an exempt employee as defined by the FLSA, no matter Defendant's characterization, and was instead a non-exempt employee as defined by the FLSA.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 12th day of August, 2020.

>Respectfully Submitted,
>
>***/s/Noah E. Storch***
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>Alexander Harne, Esq.
>Florida Bar No. 126932
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR 84, Suite 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile:  (954) 337-2771
>E-mail:
>**noah@floridaovertimelawyer.com**
>E-mail:
>**aharne@floridaovertimelawyer.com**
>
>*Trial Counsel for Plaintiff*